Dear Representative Dorman,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. What authority, if any, does the Oklahoma Administrator of Consumer Credit ("Administrator") have to conduct random investigations of licensed mortgage brokers, and impose sanctions under the Oklahoma Mortgage Broker Licensure Act, 59 O.S. 2001 Supp. 2002, §§ 2081-2093 ("Act"), absent a complaint by an aggrieved individual or notice of possible violations?
 2. What notice, if any, must the Administrator give prior to the investigation of business transactions of licensed mortgage brokers under the Act?
 3. What guidelines, if any, must the Administrator adopt for conducting investigations?
 4. Are mortgage brokers required to use the Administrator's model forms?
 5. What sanctions, if any, can the Administrator impose without notice and an opportunity for a hearing?
 6. What are the appellate rights of an aggrieved licensee?
 I. The Oklahoma Mortgage Broker Licensure Act Regulates Individuals Or Businesses Who Make Residential Mortgage Loans Or Assist Individuals In Applying For Such Loans
¶ 1 The Act, which became law in 1997, regulates individuals or businesses who are licensed by the Department of Consumer Credit ("Department") to make residential mortgage loans or assist individuals in applying for such loans. 59 O.S. Supp. 2002, §2082[59-2082](11).
¶ 2 Under the Act, a mortgage broker is defined as any person who, for compensation or gain, "either directly or indirectly makes, negotiates or offers to make or negotiate a residential mortgage loan[.]" Id. A number of professions and business categories, including banks and credit unions, realtors, attorneys, and insurance companies, are exempted from the definition under specified circumstances. Id. § 2083.
 II. The Administrator Of The Department Of Consumer Credit May Conduct Examinations Upon His Own Motion And Shall Conduct Examinations Upon Written Complaint.
¶ 3 You first ask whether the Administrator has the right to conduct random examinations[1] of a licensed mortgage broker's books, records and files absent a complaint by an aggrieved individual or notice by the Administrator of possible violations. Your question is answered by Section 2088(A) of Title 59, which provides:
 A. The Administrator of Consumer Credit may upon his or her own motion, and shall upon written complaint filed by any person, investigate the business transactions of any mortgage broker or mortgage loan originator and, after notice and hearing, may, for any cause as set forth in subsection B of this section, impose the following sanctions:
1. Reprimand;
2. Probation for a specified period of time;
 3. Suspension of license for specified periods of time;
4. Revocation of license;
 5. Imposition of an administrative fine which shall be not less than One Hundred Dollars ($100.00) nor more than Two Thousand Dollars ($2,000.00) for each violation nor exceed Five Thousand Dollars ($5,000.00) for all violations resulting from a single incident or transaction;
 6. Restitution of actual damages suffered by the complaining person; or
 7. Any combination of sanctions as provided for by paragraphs 1 through 6 of this subsection.
2003 Okla. Sess. Laws ch. 330, § 3 (amending 59 O.S. Supp. 2002,§ 2088[59-2088]) (emphasis added).
¶ 4 Under this authorization the Administrator may act upon his own initiative, and shall act upon a written complaint by any person, to investigate the business transactions of any licensee. Id. If acting upon the complaint of a consumer, the complaint must be in writing, signed by the initiator, and set forth the alleged violations of law and the names of the parties. OAC 160:55-9-1(a) (1999). The authority and scope of an investigation is the same, whether initiated by the Administrator or a consumer complaint.
¶ 5 The Administrator has considerable discretion in establishing how his examiners are to conduct such investigations. A mortgage broker is required to "preserve and make available" its books and records "for four (4) years from the date of the initial transaction" and "for two (2) years from the date of the final entry into such records," whichever is later. OAC 160:55-7-1(a) (2000). Trust account records are to be maintained and "readily available" for at least three years after the final entries therein. 59 O.S. 2001, § 2087[59-2087](D); see OAC160:55-7-1(a) (2000). Licensees must either maintain the records in Oklahoma or provide copies of records kept out of state on demand; the records may not be moved without the written approval of the Administrator. OAC 160:55-7-1(a). Thus, the purpose of these statutes and administrative rules is to protect the records the Administrator would need to examine pursuant to the Act, either upon a written complaint or upon the Administrator's own initiative.
 III. Neither the Statutes Nor Agency Administrative Rules Require The Administrator To Give Notice Prior to Conducting An Investigation.
¶ 6 You next ask what notice, if any, the Administrator must give prior to investigating business transactions of licensed mortgage brokers under the Act.
¶ 7 As stated above, the Administrator, by and through his or her staff, may examine and copy the records of mortgage brokers to ensure compliance with the law. 2003 Okla. Sess. Laws ch. 330, § 3(A) (amending 59 O.S. Supp. 2002, § 2088[59-2088](A)); OAC160:55-7-1(a) (2000). Section 2088 allows the Administrator to conduct investigations and does not require notice until sanctions are to be imposed. The Department's rules elaborate on the investigation procedure.
 Procedure. The Administrator encourages voluntary cooperation in investigations. The Administrator may invoke any or all of the compulsory processes authorized by law, including subpoenas and depositions. The Administrator may issue a notice to grant access to, for examination and copying, records of any party being investigated, and may require a party to file a report or to submit answers in writing to specific questions relating to any matter under investigation. Inquiries and investigations are conducteded by representatives designated and duly authorized to exercise and perform the duties of their office in accordance with the laws of Oklahoma and the regulations of the Administrator, including the administration of oaths and affirmations, in any matter under investigation by the Administrator. Any party under investigation, compelled to furnish information or documentary evidence, shall be advised of the purpose and scope of the investigation.
OAC 160:55-9-1(b) (1999).
¶ 8 While the rule provides that the Administrator may give notice, no provision of the statutes or rules requires the Administrator to give any notice to a licensee prior to conducting an on-site examination of its business records. If a licensee refuses to cooperate, the Administrator may invoke the compulsory processes allowed by law. Id. If, in the face of refusal to comply voluntarily the Administrator must compel the licensee to furnish information or documents, the Administrator must also advise the licensee of the purpose and scope of the investigation. Id.
 IV. The Administrator Is Not Required To Adopt Guidelines For Investigations.
¶ 9 In your third question you ask whether the Administrator must adopt guidelines for conducting investigations, and what provisions any such guidelines must include.
¶ 10 The Act does not require the Administrator to adopt guidelines. See 59 O.S. 2001 Supp. 2002, §§ 2081 — 2093. The only procedural guidelines for examinations of licensees are found at OAC 160:55-9-1(b), cited above. The examinations must be conducted in a manner consistent with the Department's rules. 75O.S. 2001, § 308.2[75-308.2](C). As long as the examinations are conducted within those parameters, the Administrator is within his authority.
 V. The Law Does Not Require The Use Of The Administrator's Model Forms.
¶ 11 In your fourth question you ask if the Administrator's model forms must be used by mortgage brokers in Oklahoma. Mortgage brokers must maintain their records in compliance with the Act and the Department's administrative rules. OAC160:55-7-1(b) (2000). The Department provides a seven-page handout to mortgage brokers along with their licenses. However, the documents are not part of the Department's administrative rules promulgated under the Administrative Procedures Act ("APA"). Much of the text includes statutory language or summaries of the law.
¶ 12 The packet includes two forms which are a sample broker/borrower agreement, and a sample agreement between a broker and an independent contractor. None of the materials are specifically mandated by statute. The majority of the information requested on each form, however, is required either by the Act, the Commission's administrative rules, or Oklahoma's Truth in Lending rules, OAC 160:45-1-1-45-9-3. On the forms, in appropriate places, the Department provides a disclaimer as to what portions are required by law and which ones are optional.
¶ 13 There is no requirement in the statutes for the Administrator to issue model forms, or for licensees to use the Administrator's model forms.[2] The Administrator, in his or her discretion, has made the forms available for use by licensees. Using the forms is not mandatory, and there is no indication the Department intends to mandate use of the forms.
¶ 14 The Department is seeking to provide a standard template for record-keeping which will satisfy legal requirements, including OAC 160:55-7-1(b), and will simplify the examination process for Department staff. While these forms are not required to be used, the Administrator nevertheless has the right to require that licensees provide the substance called for in the forms to ensure compliance with the law, even if a licensee opts not to use the form of record-keeping offered by the Administrator.
 VI. The Administrator Does Not Have The Authority To Impose Sanctions Without Notice And Opportunity For A Hearing.
¶ 15 As stated above, the Administrator may examine the records of mortgage brokers to ensure compliance with the law. 2003 Okla. Sess. Laws ch. 330, § 3(A) (amending 59 O.S. Supp. 2002, §2088[59-2088](A)). The Administrator also has the authority to seek voluntary compliance with the law, absent an administrative proceeding. OAC 160:55-9-1(b) (1999). If those measures fail, however, the Administrator's next option is to schedule an individual administrative proceeding where notice and a hearing are required. OAC 160:55-9-2.
¶ 16 The Administrator is required to give notice to the licensee of an individual proceeding under the APA. 75 O.S.2001, § 309[75-309](A); 2003 Okla. Sess. Laws ch. 330, § 3(A) (amending59 O.S. Supp. 2002, § 2088[59-2088](A)). The licensee is entitled to at least twenty days' notice of a hearing, in writing. OAC160:55-9-2(d)(1) (1999). The notice shall set forth the time, place and nature of the hearing; the legal authority and jurisdiction for the hearing; the statutory sections and rules involved; and include a brief and plain summary of the matters asserted. 75 O.S. 2001, § 309[75-309](B); OAC 160:55-9-2(d)(2). The licensee has the right to respond to the allegations, to present evidence and to have legal counsel. 75 O.S. 2001, §§ 309[75-309](C), 310(5); OAC 160:55-9-2(e). The Administrator's order is to be issued within sixty days of the last day of the hearing, unless extended by written agreement with the licensee. OAC160:55-9-2(f)(1). The sanctions and grounds for disciplinary action are set forth at Section 2088 of Title 59.
 VII. The Appellate Rights Of An Aggrieved Licensee Are Set Forth In The Administrative Procedures Act.
¶ 17 The appellate rights of a mortgage broker from a final administrative order are substantially the same as those of any other licensee of the State pursuant to Article II of the APA,75 O.S. 2001, §§ 309[75-309] through 323.
¶ 18 Any party aggrieved by a final administrative order may file a petition in the district court of the party's resident county, or the county in which an affected property interest is located, within thirty days from the day the party is notified of the order. 75 O.S. 2001, § 318[75-318](B)(2). Filing a petition for review does not automatically stay the final order, but the Administrator may stay the order, or the court may impose a stay under the APA. 75 O.S. 2001, § 319[75-319](1); OAC 160:55-9-7(b)(2). After a non-jury review[3] the court may affirm, set aside, modify, reverse or remand the agency order for further proceedings. 75 O.S. 2001, § 322[75-322]; OAC 160:55-9-7(b)(5). "Any party aggrieved by a final judgment of a district court may appeal to the Supreme Court in the manner and time provided in civil actions." OAC 160:55-9-7(c); see 75 O.S. 2001, § 323[75-323].
 VIII. Conclusion
¶ 19 The Oklahoma Administrator of Consumer Credit has broad authority to examine the business records of licensed mortgage brokers to ensure compliance with relevant laws. 2003 Okla. Sess. Laws ch. 330, § 3 (amending 59 O.S. Supp. 2002, § 2088[59-2088]). The Administrator is not obligated to give notice of his or her intent to conduct an investigation; however, if the Administrator seeks to impose sanctions on a licensee through an individual proceeding he or she must follow the APA and its notice requirements. 75 O.S. 2001, §§ 309[75-309] — 309; OAC 160:55-9-2
(1999). In maintaining its records a licensee may use model forms provided by the Administrator; however, the licensee is not obligated to use them as long as it maintains the records required by law.
¶ 20 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. The Oklahoma Administrator of Consumer Credit has broad authority to conduct investigations of the business records of licensed mortgage brokers, either upon his or her own motion or upon written complaint. 2003 Okla. Sess. Laws ch. 330, § 3 (amending 59 O.S. Supp. 2002, § 2088[59-2088]).
 2. The Administrator is not mandated to give notice prior to investigating business transactions of licensed mortgage brokers. OAC 160:55-9-1(b) (1999). If compulsory process is required, the party under investigation shall be advised of the purpose and scope of the investigation. Id.
 3. The Administrator is not required to adopt guidelines for conducting investigations of mortgage brokers. See 59 O.S. 2001 Supp. 2002, §§ 2081 — 2093. The procedures which have been adopted by the Administrator are set forth by administrative rules. OAC 160:55-9-1(b) (1999).
 4. Mortgage brokers are not required to use the Administrator's model forms under the Oklahoma Mortgage Broker Licensure Act, 59 O.S. 2001 Supp. 2002, §§ 2081 — 2093.
 5. The Administrator may not impose sanctions upon a mortgage broker without first providing notice and an opportunity for a hearing under the Administrative Procedures Act, 75 O.S. 2001, §§ 309[75-309] through 323, and the administrative rules of the Department of Consumer Credit. OAC 160:55-9-2 (1999).
 6. The appellate rights of an aggrieved licensee after a final agency order are set out in the Administrative Procedures Act, 75 O.S. 2001, §§ 309[75-309] through 323, and the rules of the Department of Consumer Credit. OAC 160:55-9-7(b), (c) (1999).
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 WALTER W. JENNY JR. Assistant Attorney General
[1] The word "investigate" commonly means "to make a systematic examination." Webster's Third New International Dictionary 1189 (3d ed. 1993). The word "examination" is synonymous with "investigation." Id. at 790. For purposes of this Opinion, an "examination" will be considered the same as an "investigation."
[2] The same Administrator regulates the Uniform Consumer Credit Code (14A O.S. 2001, §§ 1-101[14A-1-101] through 9-101). Id. § 6-103. Under that Code, the Administrator publishes model disclosure forms "to facilitate compliance with the disclosure requirements of this title," but licensees are not mandated to use the forms. 2003 Okla. Sess. Laws ch. 65, § 3(2) (amending14A O.S. 2001, § 6-104[14A-6-104](2)). The Administrator is voluntarily using a comparable approach for mortgage brokers.
[3] 75 O.S. 2001, § 321[75-321]; OAC 160:55-9-7(b)(4).